IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEKHEM HAMUD RE ANU EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 17-1224-GMS |
| | ) | |
| TWIN OAKS TOWING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

### I. INTRODUCTION

The plaintiff, Sekhem Hamud Re Anu El ("the plaintiff"), appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 6.) He commenced this action on August 28, 2017. (D.I. 2.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### II. BACKGROUND

The plaintiff is also known as Aalim A. Spencer. He was issued three citations, T4044662-6, T4044664-1, and T404463-0. (D.I. 2 at 1.) The court take judicial notice from the Magisterial District Courts Docket Sheets of Delaware County, Pennsylvania, that the plaintiff was arrested by the defendant Trooper Zachary R. Dombroski ("Dombroski") on June 14, 2017 in the Upper Chichester Township in Delaware County, Pennsylvania. The plaintiff received citations for driving while operating privilege is suspended or revoked (citation T4044662-6), registration card to be signed and exhibited on demand (citation T4044664-1), and the unauthorized transfer or use of registration (citation T404463-0). It appears that the plaintiff's 2000 Ford Taurus was towed the same day by the defendant Twin Oaks Towing and Auto

1

Services ("Twin Oaks Towing").¹ (D.I. 2 at 14). On June 30, 2017, the plaintiff was notified by Twin Oaks Towing that if he knowingly abandoned his vehicle for whatever reasons it would seek full reimbursement for all lost fees. (*Id.*) The plaintiff was given 48 hours to respond to Twin Oaks Towing's letter before the vehicle was processed for abandonment. (*Id.*)

The traffic citations were filed in the Magisterial District Court on June 14, 2017, and transferred as cases on July 11, 2017. *See Commonwealth of Pennsylvania v. Spencer*, Docket Nos. MJ-32136-TR-0001680-2017; MJ-32136-TR-0001681-2017; MJ-32136-TR-0001682-2017; MJ-32128-TR-0001780-2017; MJ-32128-TR-0001781-2017; and MJ-32128-TR-0001782-2017. The court takes judicial notice that the plaintiff pled guilty to all three citations on October 25, 2017, and was imposed a fine of $494.82. *See Commonwealth of Pennsylvania v. Spencer*, Docket Nos. MJ-32128-TR-0001780-2017; MJ-32128-TR-0001781-2017; and MJ-32128-TR-0001782-2017.

The plaintiff alleges that he has a constitutional right to travel and appears to allege that the imposition of the citations infringed upon that right. He also alleges that the defendants violated several federal criminal statutes including 18 U.S.C. §§ 241, 242, and 245. (D.I. 2 at 5, 12). It appears that the plaintiff seeks the return of his vehicle and the criminal prosecution of the defendants.

### III.  STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

---

¹ Other named defendants include the Pennsylvania State Police ("State Police") and Corporal Acosta ("Acosta").

such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See*

*Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

To the extent the plaintiff seeks to impose criminal liability upon the defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (unpublished); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

In addition, the plaintiff appears to allege that the defendants have infringed upon his right to travel, but he does not identify a particular legal theory and fails to allege any specific factual allegations regarding either himself or the defendants he names.[2] The plaintiff's claims are void of sufficient facts to state a claim to relief that is plausible on its face. *See Cope v. Social Sec. Admin.*, 532 F. App'x 58, 60 (3d Cir. 2013) (unpublished).

Further, the defendant Pennsylvania State Police is a state agency and is immune from suit under the Eleventh Amendment. The State Police is an agency within the Commonwealth of Pennsylvania's executive branch of government. *See* 71 Pa. Stat. § 61; *Dyche v. Bonney*, 2005 WL 3118034, at *3 (M.D. Pa. Nov. 22, 2005) ("The PSP is an arm of the state for Eleventh Amendment purposes."). Absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State, the Eleventh Amendment bars suit in federal court against a state, state agency, or a state official sued in his or her official capacity for damages. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-268(1997). As a result, the State Police is protected from suit under the Eleventh Amendment to the United States Constitution. *See Caterbone v. National Security Agency*, 698 F. App'x 678 (3d Cir. 2017) (unpublished).

Accordingly, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

## V. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court finds that amendment is futile.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

---

[2] There are no allegations directed towards the defendant Corporal Acosta ("Acosta").

Nov 17, 2017
Wilmington, Delaware