IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEKHEM HAMUD RE ANU EL, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 17-1224-GMS |
| TWIN OAKS TOWING, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM**

The plaintiff, Sekhem Hamud Re Anu El ("the plaintiff"), appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 6.) He commenced this action alleging a constitutional right to travel and appeared to allege that the imposition of traffic citations infringed upon that right. He also alleged that the defendants violated several federal criminal statutes. On November 20, 2017, the court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (D.I. 8, 9.) The plaintiff moves for reconsideration. (D.I. 10.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for

1

reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

It is far from clear under what grounds the plaintiff seeks reconsideration, but it is evident that the plaintiff disagrees with dismissal of his case. The court has reviewed the complaint and applicable law and finds that the plaintiff has failed to demonstrate any grounds for reconsideration. Accordingly, the motion for reconsideration (D.I. 10) will be denied.

_____
UNITED STATES DISTRICT JUDGE

\_\_\_Dec 11\_\_\_\_\_, 2017
Wilmington, Delaware